**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LINDA SWARTOUT and JOHN C. SWARTOUT,
individually and on behalf of all others similarly
situated,

    Plaintiffs,

v.                                                   CASE NO: 8:08-cv-890-T26TGW

RAYTHEON COMPANY,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss (Dkt. 21) and Plaintiffs' Memorandum in Opposition (Dkt. 24). After careful consideration of the allegations of the Complaint (Dkt. 2), the Court concludes that the motion should be denied in part and granted in part.

The Court finds that the allegations of the Complaint (Dkt. 2) meet the requirements set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007). Plaintiffs concede, however, that section 376.313(3), Florida Statutes, rather than section 376.205, should be employed to seek strict liability for pollution of surface and ground waters. As Plaintiffs also concede, count IV for strict liability for nuisance and trespass should be replead as two separate causes of action, one for private nuisance and a second for trespass.

The count of strict liability for conducting abnormally hazardous activity is sufficiently pled in view of the activities alleged in the form of storing, exposing, and

disposing of hazardous chemicals, and continuing to do so, on the Plaintiffs' property. The count for negligence based on failure to warn is legally sufficient to withstand dismissal, and the Complaint adequately alleges injury to the Plaintiffs' property. Finally, with respect to medical monitoring, the Complaint alleges the bare minimum to survive a motion to dismiss—that Plaintiffs have been exposed to contaminants through the negligence of Defendant and those exposures have increased the risk of contracting serious latent diseases for which means of early detection are available.[1]

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 21) is **DENIED in part and granted** to the extent that counts I and IV should be replead in accordance with this order. Plaintiffs shall file an amended complaint on or before July 22, 2008. Defendant shall file its answer and defenses within ten (10) days of service of the amended complaint.

**DONE AND ORDERED** at Tampa, Florida, on July 16, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>: Counsel of Record

---

[1] See <u>Wyeth, Inc. v. Gottlieb</u>, 930 So.2d 635, 640 (Fla.Dist.Ct.App. 2006) (listing the seven elements of cause of action for medical monitoring); <u>Petito v. A.H. Robins Co., Inc.</u>, 750 So.2d 103, 105 (Fla.Dist.Ct.App. 1999) (holding that Florida recognizes a cause of action for future expenses for medical diagnosis and stating that fact that plaintiffs have not yet suffered physical injuries is not same as saying that injury has not arisen).